FILED

DEC 14 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>OMAR MOHAMAD ELKHAYAT<br><br>　　　　Debtor. | Case No. 05-31539-C-7<br><br>DC No. JDM-1 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO AVOID LIEN**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

<u>Findings of Fact</u>

On October 25, 2005, debtor filed a motion requesting that this court avoid judgment liens in favor of American Express Centurion Bank, Portfolio Recovery Associates, LLC, and NCO Portfolio Management, Inc. A hearing was scheduled for December 13, 2005, to consider the motion. Upon review of the record, the court determined that the written record was adequate and that no



oral argument was necessary.

In reviewing debtor's proof of service, the court notes that debtor served the motions on the attorneys who recorded the abstracts.

## Conclusions of Law

Federal Rule of Bankruptcy Procedure 9014(b) requires that a motion initiating a contested matter "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b).

Federal Rule of Bankruptcy Procedure 7004(b)(3) provides in pertinent part:

> Except as provided in subdivision(h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class postage prepaid as follows... Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy of the defendant.

Fed. R. Bank. P. 7004(b)(3).

Here, debtor's service of motion does not comply with the requirement to serve the motion to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3). Beneficial California, Inc. v. Villar (In re Villar), 317 B.R.

1  88, 93 (9th Cir. BAP 2004). The court notes that a corporation's
2  agent for service of process may be identified by visiting the
3  California Secretary of State's website at www.ss.ca.gov. The
4  website contains a link to the "California Business Portal" which
5  provides an online service titled "California Business Search."
6  Therein, corporate information, including the agent for service
7  of process, may be obtained by entering the corporation's name in
8  the search engine.
9       Accordingly, the motion is denied.
10      An appropriate order will issue.
11      Dated: December 14, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Omar Mohamad Elkhayat
P.O. Box 580360
Elk Grove, CA 95758

John David Maxey
13 SierraGate Plaza #B
Roseville, CA 95678

Stephen Reynolds
Chapter 7 Trustee
PO Box 1917
Davis, CA 95617

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

American Express Company
CT Corporation System
818 W. 7th Street
Los Angeles, CA 90017

NCO Financial Systems, Inc.
CT Corporation System
818 W. 7th Street
Los Angeles, CA 90017

Dated: 12/16/05

_____
Deputy Clerk